IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTIE LAWSON, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:13-cv-923-O |
| PARKER HANNIFIN CORPORATION, | § § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are: Plaintiff's Second Motion to Remand and Brief, filed December 18, 2013 (ECF No. 15); Defendant's Response to Plaintiff's Second Motion to Remand and Appendix in Support, filed January 24, 2014 (ECF Nos. 23 & 24); Plaintiff's Reply to Defendant's Response and Appendix in Support, filed February 7, 2014 (ECF No. 26); Defendant Parker Hannifin Corporation's Objections to and Motion to Strike Plaintiff's Remand Reply Appendix, filed February 14, 2014 (ECF No. 27); Plaintiff's Response to Defendant's Objections and Motion to Strike, filed February 28, 2014 (ECF No. 32); and Defendant's Reply thereto, filed March 10, 2014 (ECF No. 33) . Also before the Court are: Defendant's Motion for Leave to File Surreply and Supplemental Appendix in Response to Plaintiff's Second Motion to Remand, filed February 14, 2014 (ECF No. 28); Plaintiff's Response to Defendant's Motion for Surreply and Appendix thereto, filed February 27, 2014 (ECF Nos. 30 & 31); and Defendant's Reply to Plaintiff's Response, filed March 10, 2014 (ECF No. 34).

Having considered the legal briefing, pleadings, record and applicable law, the Court denies

1

Plaintiff's Second Motion to Remand; overrules and denies Defendant Parker Hannafin Corporation's Objections to and Motion to Strike Plaintiff's Remand Reply Appendix, and denies as moot Defendant's Motion for Leave to File Surreply and Supplemental Appendix.

## I.     Factual and Procedural Background

On July 5, 2012, Plaintiff Christie Lawson ("Lawson" or "Plaintiff") filed this lawsuit in the 153rd Judicial District Court, Tarrant County, Texas, against her former employer Parker Hannifin Corporation ("Parker Hannifin") and former Parker Hannifin employee Mark Hanlon ("Hanlon"). *See* Pl. Orig. Pet., Def. Notice of Removal, Ex. A-1, ECF No. 2. Lawson alleged sexual harassment and unlawful retaliation against Parker Hannifin in violation of the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code Chapter 21, as well as assault and battery and intentional infliction of emotional distress against Hanlon. *See id.* As against Parker Hannifin, Lawson sought back pay, compensatory damages, front pay (in lieu of reinstatement), loss of future earnings, punitive damages, reasonable attorney's fees and costs, reasonable expert fees, and pre- and post-judgment interest. *See id.*

On August 3, 2013, Parker Hannifin filed its first Notice of Removal arguing that diversity jurisdiction was present. *See Christie Lawson v. Parker Hannifin Corp. and Mark Hanlon*, Civil Action No. 4:12-CV-543-A; In the United States District Court for the Northern District of Texas, Fort Worth Division ("*Lawson I*"), Docket No. 1. On August 3, 2012, Lawson filed her First Amended Complaint against Defendants, alleging the same causes of action and seeking similar relief. *Id.*, Docket No. 2. On August 24, 2012, Lawson filed a motion to remand, asserting that Hanlon was a resident of the State of Texas, as was she, thereby defeating diversity jurisdiction. *Id.*, Docket No. 8. On October 1, 2012, Judge John McBryde issued an order granting Plaintiff's motion

to remand for lack of complete diversity. *Id.*, Docket No. 17.  On June 13, 2013, the state district court set the initial trial date for December 2, 2013.  *See* Setting Order, Notice of Removal, Ex. A-16, ECF No. 9. On October 29, 2013, Lawson filed a notice of non-suit of her action against Hanlon. *See* Notice of Non-Suit, Notice of Removal, Ex. A-21, ECF No. 9-5.

Parker Hannifin filed its second notice of removal on November 18, 2013 (ECF No. 1), on the basis that diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* Def. Notice of Removal ¶¶ 16, 17, ECF No. 1.  Lawson opposes the removal, and has filed a motion to remand.  Pl. Second Mot. to Remand, ECF No. 15.

## II.  Analysis

In support of remand, Lawson makes two arguments.  First, she argues that Parker Hannifin has not met its burden of showing that the amount in controversy exceeds $75,000.  Second, she contends that Parker Hannifin sought removal after the expiration of the one-year deadline for removal, and has failed to demonstrate bad faith forum manipulation such that the Court should toll the one-year period.  Parker Hannifin opposes Lawson's request for remand.  The issues have been fully briefed and the motion to remand is ripe for determination.  The Court will consider Lawson's arguments in turn.

### A.  Amount in Controversy

Lawson argues that remand is required because Parker Hannifin has failed to meet its burden of demonstrating that the amount in controversy satisfies the federal court's jurisdictional threshold. In opposition, Parker Hannifin contends that it is facially apparent from Lawson's original petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Court agrees.

Where there is complete diversity of citizenship, such as in this case, the district court has original jurisdiction where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Lawson's original petition does not allege a specific amount in damages, instead asking for damages in an amount within the jurisdictional limits of the state court. Therefore, Parker Hannifin, as the removing party, has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Parker Hannifin may satisfy this burden by: (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount. *Id.*

In determining whether it is facially apparent that damages more likely than not exceed $75,000, the Court looks to Lawson's state court petition. *See Allen*, 63 F.3d at 1336. Although no specific dollar figure accompanies Lawson's claims, after a review of the petition, the Court finds that it is "facially apparent" that Lawson's claims more likely than not exceed $75,000. As Parker Hannifin correctly notes, Lawson makes a claim under the THRCA for sexual harassment and retaliation against an employer with more than 500 employees, seeking, among other relief, front pay in lieu of reinstatement, back pay, compensatory damages, punitive damages, and reasonable attorneys' fees. *See* Def. Resp. to Pl. Sec. Mot. to Remand at 4, ECF No. 23. According to its Control Systems Division's Human Resources Manager, Parker Hannifin has more than 500 employees which, under Texas Labor Code § 21.2585(d)(4), subjects Parker Hannifin to potential liability for up to $300,000 in compensatory and punitive damages— an amount well over the jurisdictional minimum. *See* Declaration of Kim Melton at ¶3, App. in Supp. of Def. Resp. to Pl.

Sec. Mot. to Remand at 57, ECF No. 24. In addition, under the TCHRA, a court may award equitable relief including back pay and court costs. *See* TEX. LAB. CODE § 21.258 (describing equitable relief available, and limiting back pay to two years before the date a complaint is filed with the commission). As of April 4, 2013 (eight months prior to the Second Notice of Removal), Lawson's back pay damages alone were allegedly more than $30,000. *See* Pl. Resp. to Req. for Disclosures (d), App. in Supp. of Def. Resp. to Pl. Sec. Mot. to Remand at 37, ECF No. 24. The TCHRA also authorizes a court to award the prevailing party reasonable attorney's fees. *See* TEX. LAB. CODE § 21.258.[1] At a billing rate of $350 per hour, and given that this case has been removed twice and Lawson and Parker Hannifin have engaged in discovery, Parker Hannafin's assertion that Lawson's attorney's fees at this juncture would be over $35,000 appears correct. *See* Def. Resp. to Pl. Sec. Mot. to Remand at 4.

Considering the claims made, the request for various categories of compensatory damages, the request for punitive damages and for attorney's fees, the Court concludes that the amount in controversy more likely than not exceeds $75,000. The Court's conclusion is supported by decisions of numerous district courts in this Circuit reaching the same conclusion when confronted with similar fact patterns and legal claims. *See, e.g., Wilson v. Hibu, Inc.*, 2013 WL 5803816, at *4 (Oct. 28, 2013) (Lindsay, J.) (in TCHRA case alleging sex and gender discrimination and retaliation, where plaintiff sought past and future compensatory damages, punitive damages and attorney's fees, court had "no pause in concluding that the amount in controversy more likely than not exceeds $75,000," and denied motion to remand)*; Sanders v. Leggett & Platt, Inc.*, 2010 WL 3282978, at *2

---

[1] *See H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes, Inc.* 227 F.3d 326, 330 (5th Cir. 2000) (if statutory cause of action entitles a party to receive attorney's fees, the amount in controversy includes those fees).

(N.D. Tex. Aug. 17, 2010) (Lynn, J.) (in TCHRA age and race discrimination case where plaintiff did not plead amount in controversy, court determined that based on damages included in plaintiff's petition including back pay, front pay, punitive damages and attorney's fees, defendant met the amount in controversy requirement and denied motion to remand); *Lee v. Dollar Tree Stores, Inc.*, 2007 WL 1481075, at *3 (S.D. Tex. May 21, 2007) (in TCHRA gender discrimination case where plaintiff did not plead amount in controversy, court held from face of petition that request for punitive damages, back and front pay, and attorney's fees established the requisite amount in controversy, and denied motion to remand).

In addition, the Court notes that Plaintiff has not expressly stipulated that she seeks damages for an amount less than the jurisdictional amount or that the requisite amount in controversy is not present. *See Calloway v. BASF Corp.*, 810 F. Supp. 191, 193 (S.D. Tex. 1993) (court considered that plaintiff expressly declined to stipulate to damages under jurisdictional amount and sought both actual and punitive damages in holding defendants met burden of establishing amount in controversy over jurisdictional limits); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390, 395 (N.D. Tex. 1993) (court held removal was proper after considering that plaintiff failed to submit a sworn unrebutted affidavit indicating that the requisite amount in controversy was not present, and refused to stipulate that her damages did not exceed the amount required for assertion of federal diversity jurisdiction).

In short, based on the allegations in the original petition and the additional uncontroverted evidence submitted by Parker Hannifin, the Court concludes from a preponderance of the evidence that Lawson's TCHRA claims and prayer for relief establish the likelihood that the total amount in controversy in the aggregate is in excess of $75,000, exclusive of interest and costs. The Court

therefore has diversity jurisdiction over this matter, as there is complete diversity of the parties and the amount in controversy likely exceeds $75,000. *See* 28 U.S.C. § 1332. Accordingly, the Court rejects Lawson's argument that remand is required based on the amount in controversy.

### B. Removal After Expiration of One-Year Deadline

In support of remand, Lawson also argues that the statutory one-year limitation period bars the removal. Parker Hannifin does not dispute that it removed the case outside the one-year period for removal, but instead contends that the one-year period should be equitably tolled pursuant to Fifth Circuit case law and 28 U.S.C. § 1446(c)(1), given Lawson's bad faith forum manipulation. Def. Not. of Removal, ¶¶ 1, 15, 25. Among other things, Parker Hannifin argues that Lawson manipulated the jurisdictional facts by keeping Hanlon in the case for the sole purpose of defeating diversity jurisdiction, and then nonsuiting her claims against him shortly after the one-year removal period had elapsed. *See id.* In support, Parker Hannafin provides a list of Lawson's actions indicating a lack of intent to pursue claims against the non-diverse defendant Hanlon, various delay tactics, and ultimately releasing Hanlon as a party after the one-year removal deadline had expired, with a Release that only contains Lawson's signature. After reviewing the parties' legal arguments, the Court concludes that remand in not appropriate, as sufficient evidence of forum manipulation exists to warrant application of the bad faith exception to the one-year removal period. *See* 28 U.S.C. § 1446(c)(1).

#### 1. *Legal Standard*

The federal removal statute, 28 U.S.C. § 1441, allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The Court strictly construes the removal statute because it implicates important federalism concerns.

*Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). The defendant carries the burden of establishing that removal is proper. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Further, any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

Pursuant to 28 U.S.C. § 1446(b)(3):

> [I]f a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become removable.

In the event of removal based on diversity of citizenship, a case may not be removed more than one year after commencement of the action, "*unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action.*" 28 U.S.C. § 1446(c)(1) (emphasis added).[2]

### 2. Discussion

In its Notice of Removal, Parker Hannifin summarizes its evidence of Lawson's bad faith manipulation of the statutory rules for federal removal jurisdiction, which Parker Hannifin contends prevented it from exercising its right to remove within the one-year period. According to Parker Hannafin:

> 1. Plaintiff waited seven (7) months following filing of her Original Petition to serve Hanlon.

---

[2] In 2011, the Clarification Act amended § 1446 to add the bad-faith exception to the one-year limit to file a notice of removal in diversity cases. *See* H.R. Rep. No. 112-10, at 15 (2011). The exception applies to suit commenced in state court on or after January 6, 2012. *Id.*, P.L. 112-63, § 105, 125 Stat. 762 (2011) (eff. Jan. 6, 2012). Prior to this date, the Fifth Circuit had recognized an equitable exception to the one-year limit when a plaintiff attempted to manipulate the rules and prevent a plaintiff from exercising its removal rights. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427-28 (5th Cir. 2003).

> 2. Plaintiff did not take a default judgment against Hanlon when he failed to timely file an answer in the State Court action.
>
> 3. To avoid a dismissal in the State Court action, Plaintiff and her counsel "promised" the District Court, in a *verified* motion, that they would diligently prosecute the case. Despite this fact, Plaintiff *never* served Hanlon with any discovery, not even a basic Request for Disclosure, and Plaintiff *never* requested or took Hanlon's deposition.
>
> 4. Plaintiff non-suited Hanlon approximately one year and three months following the expiration of the one-year removal deadline.
>
> 5. Pursuant to the settlement agreement between Hanlon and Plaintiff, Hanlon is not required to pay any money to Plaintiff to settle her allegedly egregious claim against him.
>
> 6. Plaintiff took her nonsuit against Hanlon less than five weeks before the existing trial date of December 2, 2013.

*See* Def. Not. of Removal at 8 (original emphasis). Parker Hannifin also submits evidence of continuous difficulties and delays pertaining to scheduling Lawson's deposition dates, including unanswered requests for possible dates. *See* Def. Not. of Removal, Exs. I, J, K, L.

In her motion to remand, Lawson argues she had trouble locating Hanlon, and that under Texas law she had a viable state law claim against him for intentional infliction of emotional distress.[3] Further, she contends that after Hanlon appeared in the case, they entered into settlement negotiations "that continued for quite some time." Pl. Sec. Mot. to Remand at 5, ECF No. 15. She also contends that discovery was on-going in the state court case. *Id.* Lawson contends that Parker Hannifin has failed to meet the stringent standard for a finding of forum manipulation. *Id.* at 6-7 (and cases cited therein).

In response, Parker Hannifin relies on its initial Notice of Removal and the exhibits

---

[3] The Court notes with disfavor that Lawson failed to file a certificate of conference with her Motion to Remand in violation of Local Rules 7.1(b)(2) & (h).

9

submitted with it. Further, Parker Hannifin argues that the facts demonstrate that Lawson "never took any meaningful affirmative action to prosecute her allegedly 'legitimate' claim against [Hanlon] because she never intended to do so." Def. Resp. at 7. Parker Hannifin also notes that the "Release" of Hanlon attached to Plaintiff's Motion to Remand as Exhibit A, only includes a signature page for Plaintiff, who executed the Release on September 10, 2013, and that Plaintiff inexplicably waited until October 29, 2013 to file her notice of non-suit of Defendant Hanlon. *See id.* at 7.

Lawson has submitted a reply brief to which she has attached copious exhibits. *See* Pl. Reply & Appendix thereto, ECF Nos. 25 and 26. Parker Hannifin has filed objections to and a motion to strike the appendix submitted with the reply brief, arguing that it was filed without leave of court and without a certificate of conference, and was a "clear attempt to improperly sandbag Parker Hannifin." *See* Def. Obj. & Mot. to Strike at 2, ECF No. 27. Parker Hannifin also argues that Lawson is attempting to unfairly prejudice Parker Hannifin by including in a reply appendix what she could have included in her Second Motion to Remand. *Id.* at 4. The Objections and Motion to Strike have been fully briefed by the parties.

Although the Court agrees with Parker Hannifin that the reply appendix filed without leave of court and without a certificate of conference is improper, and that it is not the office of a reply brief to present new evidence or arguments, the Court nevertheless will consider the appendix in the interest of giving each party a full and fair opportunity to address the issue before the Court. Accordingly, the Court overrules and denies Defendant Parker Hannafin Corporation's Objections to and Motion to Strike Plaintiff's Remand Reply Appendix.

In her reply appendix, Lawson submits the affidavit of her counsel, Susan Hutchison, who testifies that including Hanlon in the lawsuit is not evidence of bad faith, as it is customary in her

10

law practice to file a lawsuit against the perpetrator of sexual harassment in the workplace, as well as the corporation itself. *See* Reply App. at 25-27. Also included in the appendix is a long string of emails between counsel concerning scheduling conflicts, as well as some evidence that Lawson at some point unsuccessfully attempted to serve Hanlon.

The Court has carefully considered the parties' legal arguments, the evidence submitted, as well as statutory and case law, and concludes that remand is not appropriate. Sufficient evidence of forum manipulation exists to warrant application of the bad faith exception to the one-year removal period. *See* 28 U.S.C. § 1446(c)(1). Such a ruling is also consistent with case law prior to the 2011 enactment of §1446(c)(1), where courts in this Circuit have applied an equitable exception to the one-year limitation period upon a finding of bad faith legal machinations by plaintiff's counsel to deny a defendant its ability to remove prior to the expiration of the one-year period. *See, e.g., In re Propulsid Prods. Liab. Litig.*, 2007 WL 1668752, at *1 (E.D. La. June 6, 2007) (denying motion to remand where plaintiff failed to serve any discovery on non-diverse defendants, took no depositions of non-diverse defendants, and delayed dismissal of non-diverse defendants); *Davis v. Merck & Co.*, 357 F. Supp. 2d 974, 978-79 (E.D. Tex. 2005) (denying motion to remand where plaintiff failed to file a required expert report against a non-diverse defendant); *Elsholtz v. Taser Int'l, Inc.*, 410 F. Supp. 2d 505, 506-07 (N.D. Tex. 2006) (Means, J.) (denying motion to remand based on plaintiff's repeated requests for continuance of a plea to the jurisdiction hearing, failure to timely serve the diverse defendant, and non-suit of the non-diverse defendant after the expiration of the removal deadline); *Shiver v. Sprintcom, Inc.*, 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001) (refusing to remand where defendant removed case outside one-year period when plaintiff nonsuited the only non-diverse defendant on the eve of trial).

While there is no direct admission of manipulation in this case, the evidence cited above does establish Lawson's attempt to circumvent Parker Hannifin's ability to remove the case within the one-year period. Lawson consistently failed to take steps to prosecute her claims against Hanlon, including failing to serve him with discovery requests or noticing his deposition, and failing to seek a default judgment when Hanlon failed to timely answer the petition. Further, Lawson's purported difficulty locating Hanson is questionable in light of Parker Hannifin's counsel's ability to locate Hanson after one internet search on LinkedIn. *See* Def. Resp. to Pl. Sec. Mot. to Remand at 6, ECF No. 23. Further, nonsuiting Hanlon shortly after expiration of the one-year period for removal, coupled with the belated filing of the notice of nonsuit, and execution of the Release by Lawson nine days prior to the date she allegedly settled with Hanlon, provide further support to the Court's finding of bad faith forum manipulation. With regard to Susan Hutchison's affidavit testimony that Lawson had a viable claim against Hanlon under Texas law, the viability of a claim against a non-diverse defendant is not sufficient to negate the weight of the evidence before the Court, and is only one factor of many in the Court's analysis. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003) (that plaintiff in case asserted a viable claim against non-diverse defendant did not negate her bad faith). In light of the foregoing, the Court rejects Lawson's argument that remand is required because Parker Hannifin filed its second notice of removal after the one-year time period for removal had elapsed.

In light of the Court's decision, the Court will deny as moot Defendant's Motion for Leave to File Surreply and Supplemental Appendix, to which Lawson has objected.

### III. Conclusion

Based on the foregoing, the Court **denies** Plaintiff's Second Motion to Remand; **overrules**

**and denies** Defendant Parker Hannafin Corporation's Objections to and Motion to Strike Plaintiff's Remand Reply Appendix, and **denies as moot** Defendant's Motion for Leave to File Surreply and Supplemental Appendix.

    **SO ORDERED** this **20th day** of **March**, **2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**