IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTIE LAWSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-cv-923-O |
| | § | |
| PARKER HANNIFIN CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion for Summary Judgment and Brief and Appendix in Support (ECF Nos. 42-51), filed August 7, 2014; Plaintiff's Response and Appendix in Support (ECF Nos. 52-53), filed August 28, 2014; and Defendant's Reply (ECF No. 55), filed September 11, 2014. Having considered the motion, the briefing, the record, and the applicable law, the Court finds that Defendant's motion should be and is hereby **GRANTED**.

I.    BACKGROUND

On July 5, 2012, Plaintiff Christie Lawson ("Lawson" or "Plaintiff") filed this lawsuit in the 153rd Judicial District Court, Tarrant County, Texas, against her former employer Parker Hannifin Corporation ("Parker Hannifin" or "Defendant") and former Parker Hannifin employee Mark Hanlon ("Hanlon"). *See* Notice Removal Ex. A-1 (Original Pet.), ECF No. 1. Defendants removed this action on November 18, 2013, and this Court denied Plaintiff's Motion to Remand after she filed a notice of non-suit against Hanlon. *See* Mem. Op. Order, Mar. 20, 2014, ECF No. 35. Lawson alleges sexual harassment and unlawful retaliation against Parker Hannifin in violation of the Texas

1

Commission on Human Rights Act (TCHRA).[1] *See* Original Pet., ECF No. 1. Lawson seeks back pay, compensatory damages, front pay (in lieu of reinstatement), loss of future earnings, punitive damages, reasonable attorney's fees and costs, reasonable expert fees, and pre- and post-judgment interest. *See id.*

Lawson began working as an administrative assistant for Parker Hannifin in April 2010. Pl.'s App. Supp. Resp. Mot. Summ. J. Ex. 1 (Lawson Aff.), App. 1, ECF No. 53-1. During her time with Parker Hannifin, Lawson alleges that Parker Hannifin did not do enough to protect her after she was subjected to unwelcome sexual harassment by Hanlon while Hanlon was one of Parker Hannifin's managers. Parker Hannifin terminated Lawson on September 12, 2011. Pl.'s App. Supp. Resp. Mot. Summ. J. Ex. 46 (Lawson's Termination Form), App. 296, ECF No. 53-49. On October 7, 2011, Lawson filed a charge of discrimination with the EEOC against Parker Hannifin. Def.'s App. Supp. Mot. Summ. J. Ex. B (Charge of Discrimination), App. 204, ECF No. 46. The Texas Workforce Commission Civil Rights Division issued Lawson a right-to-sue letter dated May 9, 2012. *Id.* at Ex. B (TWC Right-to-Sue Letter), App. 206, ECF No. 46.

In the instant motion, Parker Hannifin contends that Lawson's claim for sexual harassment fails as a matter of law for three reasons: (1) Lawson failed to timely exhaust administrative remedies; (2) even if Lawson timely filed a charge for sexual harassment, she cannot meet the threshold to establish an actionable claim; and (3) Parker Hannifin can establish the *Faragher*/*Ellerth* affirmative defense. *See generally* Def.'s Br. Supp. Mot. Summ. J., ECF No. 43. In response, Lawson points to a previous interaction with the EEOC, arguing the sexual harassment

---

[1] The powers and duties of the Texas Commission on Human Rights were transferred to the Texas Workforce Commission Civil Rights Division. *See* Tex. Lab. Code Ann. § 21.0015 (West 2013). Although it no longer exists, the Court will continue to refer to the TCHRA for ease of reference.

claim should be subject to equitable tolling. *See* Pl.'s Br. Supp. Resp. Mot. Summ. J., ECF No. 52. She also contends that she has produced sufficient evidence to establish her claims for hostile work environment sexual harassment and to establish that Defendant is not entitled to the *Faragher/Ellerth* defense. *Id.*

Parker Hannifin further argues that Lawson's retaliation claim fails as a matter of law for five reasons: (1) Lawson did not engage in protected activity; (2) Lawson did not suffer an adverse employment action; (3) Lawson cannot establish a causal link between a protected activity and an adverse employment action; (4) Parker Hannifin had a legitimate, non-retaliatory reason to discharge Lawson; and (5) Lawson has not presented evidence of but-for causation to show pretext. *See generally* Def.'s Br. Supp. Mot. Summ. J., ECF No. 43. In response, Lawson asserts that she has provided sufficient summary judgment evidence to support her claim for retaliation. *See* Pl.'s Br. Supp. Resp. Mot. Summ. J., ECF No. 52.

## II.   LEGAL STANDARDS

### A.   Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

### B.    Sexual Harassment under the TCHRA

Claims of sexual harassment are actionable under the TCHRA. *City of San Antonio v. Cancel*, 261 S.W.3d 778, 783 (Tex. App.—Amarillo 2008, pet. denied). To prove a claim of hostile work environment sexual harassment, a plaintiff must show that (1) she belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action. *Id.* at 784. Texas recognizes the *Faragher/Ellerth* affirmative defense available to employers facing hostile work environment claims. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 806 (Tex. 2010). An employer is entitled to the *Faragher/Ellerth* defense when the employer (1) exercised reasonable care to prevent and promptly correct the harassing behavior; and (2) the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to otherwise avoid harm. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

The plaintiff has the burden of alleging facts to demonstrate compliance with the statute.

4

*Sanchez v. Kennedy*, 202 S.W.3d 857, 859 (Tex. App.—Corpus Christi 2006, no pet.). The TCHRA requires that complaints be filed not later than the 180th day after the date of the alleged unlawful employment practice. Tex. Lab. Code Ann. § 21.202(a). The 180-day time limit for filing a complaint for an unlawful employment practice with the EEOC or the Texas Workforce Commission is "mandatory and jurisdictional." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996). As a jurisdictional prerequisite to suit, Section 21.202(a)'s time limit is not subject to equitable tolling. *Ajayi v. Walgreen Co.*, 562 F. App'x 243, 246 (5th Cir. 2014); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) (distinguishing jurisdictional requirements from those subject to equitable tolling).

### C.     Retaliation under the TCHRA

Under the TCHRA, it is unlawful for an employer to retaliate or discriminate against a person who opposes a discriminatory practice, makes a file or charge, files a complaint, or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing. *See* Tex. Lab. Code Ann. § 21.055 (West 2013). To prove a claim of retaliation, a plaintiff must show that (1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 170 (5th Cir. 2014). Once the plaintiff establishes her prima facie case for retaliation, the *McDonnell Douglas* burden-shifting analysis applies. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973). Under *McDonnell Douglas*, after the employee establishes her prima facie case, the burden shifts to the employer, who must state a legitimate non-retaliatory reason for the adverse employment action, and if that burden is satisfied, the burden shifts back to the employee to establish that the employer's stated reason is actually a pretext for unlawful retaliation. *Gorman*,

5

753 F.3d at 171. To ultimately prevail on a retaliation claim under the TCHRA, an employee must prove that "but for" a retaliatory purpose, she would not have been terminated. *See Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487-89 (5th Cir. 2004). It is not enough to prove that retaliation was only a motivating factor in her termination. *See id.*

## III.   ANALYSIS

Lawson alleges sexual harassment and unlawful retaliation against Parker Hannifin in violation of the TCHRA. *See* Original Pet., ECF No. 1. The Court addresses the appropriateness of summary judgment for each claim in turn.

### A.   Sexual Harassment

At the outset, Parker Hannifin contends that Lawson's claim for sexual harassment fails as a matter of law because Lawson failed to timely exhaust her administrative remedies. *See* Def.'s Br. Supp. Mot. Summ. J. 20-23, ECF No. 43. Lawson asserts that she should be entitled to equitable tolling, her EEOC questionnaire of April 7, 2011 should be considered a timely charge of discrimination, and her retaliation charge encompasses the claim for sexual harassment. *See* Pl.'s Br. Supp. Resp. Summ. J. 19-20, ECF No. 52. Because it is a threshold issue, the Court addresses the timeliness of Lawson's administrative charge first.

The TCHRA requires that complaints be filed within 180 days after the date of the alleged unlawful employment practice. Tex. Lab. Code Ann. § 21.202(a). The Supreme Court has held that in discrimination cases, "'[t]he proper focus is upon the time of the *discriminatory acts,* not upon the time at which the *consequences* of the acts become most painful.'" *Delaware State College v. Ricks,* 449 U.S. 250, 258 (1980) (emphasis in original) (quoting *Abramson v. Univ. of Hawaii,* 594 F.2d 202, 209 (9th Cir. 1979)); *Specialty Retailers, Inc.*, 933 S.W.2d at 492. Accordingly, the

Court's concern is *when* the discriminatory acts occurred against Lawson and *when* Lawson filed a charge of discrimination. Lawson asserts that the last discriminatory act occurred in mid-December 2010. Def.'s App. Supp. Mot. Summ. J. Ex. B (Lawson Dep.) 128:7-18, App. 42, ECF No. 45. Although she completed an EEOC intake questionnaire on April 7, 2011, Lawson filed her only charge of discrimination on October 7, 2011. *See* Pl.'s App. Supp. Resp. Mot. Summ. J. Exs. 2, 5, App. 4-17, 20, ECF No. 53. April 7, 2011, is 114 days after December 15, 2010, and October 7, 2011, is 297 days after December 15, 2010.

Lawson first asks this Court to apply equitable tolling to determine the timeliness of her charge. However, the TCHRA's 180-day time limit is not subject to equitable tolling because it is jurisdictional. *Ajayi*, 562 F. App'x at 246. Thus, the Court cannot consider equitable tolling in this case.

Next, Lawson points to her completing and submitting an intake questionnaire on April 4, 2011, and asks the Court to consider Lawson's submission of the questionnaire a "charge" for the purposes of the statute. The intake form gave Lawson the option to file a charge against Parker Hannifin at that time, but Lawson chose not to. *See* Pl.'s App. Supp. Resp. Mot. Summ. J. Exs. 2-3, App. 4-18, ECF No. 53. Recognizing that intake questionnaires and discrimination charges are two separate items, the Fifth Circuit has held that an intake questionnaire does not constitute a charge of discrimination under the TCHRA when the questionnaire does not provide an employer with notice of the claims against it. *Harris v. Honda*, 213 F. App'x 258, 261-62 (5th Cir. 2006). Here, there is no evidence that Parker Hannifin had notice of Lawson's first encounter with the EEOC. Parker Hannifin's only notice of Lawson's charge of discrimination was the one she filed on October 7, 2011. Accordingly, the Court declines to construe Lawson's intake questionnaire as a charge of

discrimination for the purposes of the TCHRA.

Finally, Lawson contends that her sexual harassment claim is encompassed within her retaliation claim because the retaliation arose from the sexual harassment. The Court's scope of inquiry into a discrimination action is limited to the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination. *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). Here, Lawson asserts that the October 7, 2011, charge of discrimination encompasses all claims that would be investigated by the charge, but she provides the Court with no evidence that the EEOC considered sexual harassment in its investigation.[2] "'Judges are not like pigs, hunting for truffles buried in briefs.'" *Coggin v. Longview Indep. Sch. Dist.*, 337 F.3d 459, 468 (5th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). The Court will not "scour the party's various submissions to piece together appropriate arguments. A court need not make the lawyer's case." *Id.* at 468 n.1 (quoting *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (internal quotation marks omitted)). The Court cannot find on this record that the EEOC considered sexual harassment in its investigation for retaliation and dismissed the charge anyway, especially after Lawson submitted an intake questionnaire to the EEOC about sexual harassment only six months earlier.

Because this Court finds that Lawson's charge of discrimination for sexual harassment was not timely filed, the Court need not explore Defendant's remaining grounds for summary judgment, as timeliness is mandatory and jurisdictional. *See Specialty Retailers*, 933 S.W.2d at 492. Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's sexual harassment

---

[2] Plaintiff cites to Exhibit 47 in her Appendix in Support of her Response to the Motion for Summary Judgment, but there are only 46 exhibits provided to the Court. *See* Pl.'s Br. Supp. Resp. Mot. Summ. J. 21, ECF No. 52.

claim.

### B.    Retaliation

Parker Hannifin argues that Lawson's retaliation claim fails as a matter of law for five reasons: (1) Lawson did not engage in protected activity; (2) Lawson did not suffer an adverse employment action; (3) Lawson cannot establish a causal link between a protected activity and an adverse employment action; (4) Parker Hannifin had a legitimate, non-retaliatory reason to discharge Lawson; and (5) Lawson has not presented evidence of but-for causation to show pretext. *See generally* Def.'s Br. Supp. Mot. Summ. J., ECF No. 43.  Lawson asserts that she has provided sufficient summary judgment evidence to support her claim for retaliation. *See* Pl.'s Br. Supp. Resp. Mot. Summ. J., ECF No. 52.

First, the Court analyzes Lawson's prima facie case for retaliation. Lawson points to her reporting of sexual harassment as her protected activity. Indeed, Lawson informed her chain of command about the harassment in December 2010 and January 2011. *See* Pl.'s App. Supp. Resp. Mot. Summ. J. Ex. 18, App. 216-20, ECF No. 53-21. Lawson next asserts that changes to her work schedule and then her ultimate dismissal amount to adverse employment actions. Parker Hannifin changed Lawson's work schedule when she returned from family medical leave in August 2011 and terminated Lawson in October 2011. *See id.* at Exs. 1, 46, App. 3, 296, ECF Nos. 53-1, 53-49. Finally, Lawson contends that there is a causal connection between her reporting and her dismissal. The Court finds this argument unpersuasive. At least seven months lapsed between Lawson's protected activity and Parker Hannifin's adverse employment action, significantly discrediting the link between her complaint and firing. "[T]o be persuasive evidence, temporal proximity must be very close." *Strong v. Univ. Healthcare Sys., LLC*, 482 F.3d 808 (5th Cir. 2007); *see also Gorman*,

753 F.3d at 171. Lawson supplies no reason as to why Parker Hannifin would wait more than seven months before terminating her based on her complaint, especially after Parker Hannifin chose to terminate Hanlon in August 2011. Accordingly, Lawson fails to establish prong three, causation, in her prima facie case for retaliation.

Even if this Court were to find that Lawson could make out a prima facie case for retaliation, Lawson's causal connection does not rise to the level of but-for causation as required by the TCHRA. *See Pineda*, 360 F.3d at 487-89. Defendant points to timecard fraud as its reason for terminating Lawson, and Lawson has not provided evidence to support her belief that the allegation of timecard fraud was retaliatory. *See* Lawson Dep. 242:10-20, 243:5-7, 20-24, App. 64, ECF No. 45. Because Lawson cannot prove that "but for"a retaliatory purpose, she would not have been terminated, Parker Hannifin is entitled to judgment as a matter of law on Lawson's retaliation claim.

## IV.     CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment (ECF No. 42) is **GRANTED**. Accordingly, the trial set on the Court's four-week docket beginning on December 8, 2014 is cancelled.

**SO ORDERED** this **9th day** of **October**, **2014**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE